UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA P.,

    Plaintiff,                                      Case No. 3:21-cv-102

vs.

COMMISSIONER OF THE SOCIAL         District Judge Michael J. Newman
SECURITY ADMINISTRATION,

    Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. Plaintiff challenges the Administrative Law Judge's ("ALJ") finding that she was not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's memorandum in opposition (Doc. No. 19), Plaintiff's reply (Doc. No. 20), the administrative record (Doc. No. 9),[1] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for SSI on September 25, 2017. PageID 46. She claims she is disabled on account of several alleged impairments including, *inter alia*, fibromyalgia, epilepsy, a seizure disorder, degenerative disc disease of the lumbar spine with sciatica. PageID 48

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the CMECF PageID number.

On September 16, 2019, ALJ James E. MacDonald held a hearing with Plaintiff present. PageID 66–90. The ALJ issued a written decision on November 15, 2019 finding Plaintiff not disabled. PageID 43–60. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there [are] jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 54.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision. PageID 37–42; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 43–60), Plaintiff's Statement of Errors (PageID 1233–36), the Commissioner's memorandum in opposition (PageID 1254), and Plaintiff's reply (PageID 1266). The Court incorporates all the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir.

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.FR. § 416.967 (b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "zone of choice within which he [or she] can act without the fear of court interference." *Id.* at 773 (quotation omitted).

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

3

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work —and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff, in her Statement of Errors, argues that the ALJ failed to properly evaluate the medical source opinions, including that of her therapist and psychiatrist.  PageID 1237–40.  The Court agrees and will vacate the ALJ's non-disability finding with instructions that these issues be addressed on remand.

Prior to March 27, 2017, the Social Security Administration followed the "treating physician rule," which required ALJs to give "controlling weight" to a treating source's opinion if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 416.927(c); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  In contrast, "nontreating and nonexamining sources [were] never assessed for controlling weight." *Id.* (internal quotation marks

4

omitted).  When treating source opinions did not control, the Commissioner could weigh nontreating opinions "based on the examining relationship (or lack thereof), specialization, consistency, and supportability . . . ." *Id.* (citation omitted).

The Social Security Administration's new medical source regulation has since changed how ALJs must evaluate medical opinion evidence.  *See* 20 C.F.R. § 416.920c (governing disability applications made after March 27, 2017).  Under this new regulation, which applies to Plaintiff's application, an ALJ "will not defer or give any evidentiary weight, including controlling weight to any medical opinion(s) . . . ." 20 C.F.R. § 416.920c(a).  Instead, the ALJ must evaluate each medical opinion's persuasiveness based on its: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c). Supportability and consistency are the most important factors; ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision."  20 C.F.R. § 416.920c(b)(2). ALJs "may, but are not required to," consider factors three through five when evaluating medical source opinions. 20 C.F.R. § 416.920c(b)(2). Only when multiple opinions are "[e]qually persuasive" must the ALJ evaluate the remaining three factors.  20 C.F.R. § 416.920c(b)(3).

For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . ." 20 C.F.R. § 416.920c(c)(2).

5

While this new regulation is less stringent than the old treating source rule, an ALJ must still "provide a coherent explanation of his [or her] reasoning." *Lester v. Saul*, No. 5:20-cv-1364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom.*, *Lester v. Comm'r of Soc. Sec.*, No. 5:20-cv-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The ALJ's medical source opinion evaluation must contain a "minimum level of articulation" to "provide sufficient rationale for a reviewing adjudicator or court." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017). If an ALJ does not "meet these minimum levels of articulation," it "frustrates this [C]ourt's ability to determine whether her disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-cv-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021).

Several medical professionals evaluated Plaintiff. Darrell Guest, LISW-S, Plaintiff's longtime therapist, reported she has experienced anxiety, depression, and insomnia for over 15 years. PageID 757. Roueya Tasnin, M.D., Plaintiff's psychiatrist, diagnosed her with Major Depressive Disorder and Generalized Anxiety Disorder and reported that she has struggled with these conditions for 30 years. PageID 759. Dr. Tasnin opined Plaintiff is unemployable due to her limitations in understanding, lack of concentration, memory issues, and difficulties with social interaction. PageID 761. Consultive psychological examiner Giovanni Bonds, Ph.D., diagnosed Plaintiff with Severe Major Depressive Disorder, found she contemplates suicide daily, is bothered by traumatic memories, has chronic pain and low energy, and has consistently missed work at her seasonal job. PageID 539–40. Several state agency medical and psychological consultants examined Plaintiff, too, and reported that she suffers from severe depression and anxiety, has difficulty concentrating and interacting with others, and struggles to complete basic tasks. PageID 98–108, 123–25.

Absent from the ALJ's discussion of the medical opinion evidence was any mention of Guest, Plaintiff's therapist. PageID 52–53. The new medical opinion regulation provides that "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, *we will consider* those medical opinions . . . using the factors listed in paragraphs (c)(1) through (c)(5) of this section." 20 C.F.R. § 416.920c(a) (emphasis added). It was error for the ALJ not to consider whether Guest's opinion was at least supported by, and consistent with, the other medical evidence in the record. *See, e.g.*, *Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021 WL 4905438, at *6 (S.D. Ohio Oct. 21, 2021) (ALJ's failure to articulate whether a medical source's opinion was supported by, or consistent with, the medical record was reversible error), *report and recommendation adopted*, No. 3:20-cv-410, 2021 WL 5235326, at *1 (S.D. Ohio Nov. 10, 2021).

Nor did the ALJ's analysis of Plaintiff's medical source opinions satisfy the minimal "articulation" requirement set forth by the new regulation. PageID 52–53. Take his discussion of Dr. Bonds's report. PageID 52. He only mentions that Dr. Bonds's opinion is "supported by the objective evidence in his examination notes." *Id.* But the ALJ neglects to discuss whether Dr. Bonds's opinion was consistent with—and how well (or how little) the opinion is supported by—other medical and nonmedical sources in the record. *Id.* Not only was the ALJ's analysis of Dr. Bonds's opinion deficient under the regulation, it provides this Court with little understanding of how Dr. Bonds's opinion influenced the ALJ's non-disability finding. *See, e.g.*, *Warren I.*, 2021 WL 860506, at *8 (reversing ALJ for failure to explain how the supportability and consistency factors applied to each medical opinion).

The ALJ found Dr. Tasnin, Dr. Bonds, and the state's medical professional's opinions all "somewhat persuasive." PageID 52–53. Such a finding triggers 20 C.F.R. § 416.920c(b)(3)'s requirement that the ALJ "articulate how [he] considered" factors three through five while

7

evaluating the opinions. Yet, the ALJ's decision contains little analysis identifying how he weighed these source's "relationship with the plaintiff"; "specialization"; and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." PageID 52–53. True, the ALJ did explain how the state's medical professionals' opinions were limited by medical evidence produced following their examinations, and that Dr. Bonds only examined Plaintiff once. *Id.* But he made no mention of Dr. Tasnin's long-running treatment of Plaintiff, her specialization, her awareness of the other evidence produced in support of Plaintiff's claim, nor "other factors" affecting the persuasiveness of her opinion. *Id.*; *see also* PageID 759–62. This, too, was error.

The new medical opinion regulation promises that ALJs "will articulate" how the other plus factors affected the relative persuasiveness of the opinion when multiple opinions are "equally persuasive." 20 C.F.R. § 416.920c(b)(3). The ALJ here neglected that duty by failing to provide a "coherent explanation" of how the factors set forth in the new medical opinion regulation apply to the medical opinions offered in this case. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) (quoting *Lester*, 2020 WL 8093313, at *14) (reversing a non-disability finding because the ALJ failed to "show her work" while evaluating medical opinion evidence). This Court, therefore, cannot conduct a "meaningful" review of the ALJ's decision and reversal and remand are mandated. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

## IV.

When, as here, the ALJ did not follow "the applicable regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right[,]" the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. *Bowen*, 478 F.3d at 746. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

§ 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  In this instance, evidence of disability on the present record is not overwhelming, and a remand for further proceedings is necessary.

V.

For the foregoing reasons, the Court: (1) **REVERSES** the ALJ's non-disability finding as unsupported by substantial evidence; (2) **REMANDS** this case to the Commissioner for further proceedings under the Fourth Sentence of 42 U.S.C. § 405(g); and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  August 18, 2022                     /s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge